829 F.2d 1121
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bill Winfield CONARD, Defendant-Appellant.
 No. 86-5113.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1987.
Decided Sept. 17, 1987.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. David B. Sentelle, District Judge. (A-CR-86-1)
 Sean Patrick Devereux for appellant.
 Debra Jo Stuart, Assistant United States Attorney (Charles R. Brewer, United States Attorney; James R. Fitzner, Assistant United States Attorney, on brief), for appellee.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bill Winfield Conard appeals from his conviction and his enhanced sentence as a dangerous special offender under 18 U.S.C. Sec. 3575. We hold that the district court committed no error in Conard's jury trial or in his sentencing and thus affirm his conviction and sentence.
 
 
 2
 At about 7:00 p.m. on February 10, 1985, Officer David H. Miller of the North Carolina Highway Patrol noticed an automobile driving slowly away from the outskirts of Asheville, North Carolina. The car was moving slowly and weaving. Due to this "odd driving" of the automobile, Officer Miller activated his blue light and when the car did not pull over, turned on his siren. About this time, a second North Carolina Highway Patrol car arrived and pulled along side the suspect auto. The car then began to flee and the troopers followed, reaching speeds of more than 70 mph. The chase continued through an intersection and across a gas station parking lot. Finally, after turning onto a dead end gravel road which ended in a farm yard, the car came to a stop after unsuccessfully attempting a U-turn, and a figure ran from the car to the barnyard. That figure carried a brown object, and the figure passed about six feet from Trooper Reese, who identified the brown object as a jacket carried by the figure. After a brief search of the barnyard, the officers discovered Conard who had to be subdued to place him under arrest. A search of Conard disclosed that he was carrying a pocket knife and a pillow case. The troopers also recovered a brown corduroy jacket in the vicinity which Trooper Miller identified as the brown object he had spotted earlier. In the pockets of the jacket were a toboggan-type cap, into which eye holes had been torn, and a plastic bag containing about a dozen .22 caliber short bullets. The next morning, the officers returned to the scene of the arrest and found a loaded H & R model 922 .22 caliber revolver. Moreover, the car Conard had driven in the chase had been stolen in South Carolina the day before the chase took place.
 
 
 3
 On this and other evidence, Conard was convicted by a jury on May 6, 1986 of possession of a firearm by a convicted felon,[1] 18 U.S.C. Sec. App. 1202(a)(1), and transportation of a stolen motor vehicle, 18 U.S.C. Sec. 2312. Prior to the trial, the government had given notice of its intention to petition the district court to sentence Conard as a dangerous special offender pursuant to 18 U.S.C. Sec. 3575. The district court found that Conard was in fact a dangerous special offender and accordingly that enhancement of his sentences in this case was justified. Conard was then sentenced to two 25-year terms of confinement to run consecutively with each other and with any other sentence that Conard was already serving.
 
 
 4
 Conard appeals, claiming that the court below made several errors. However, we need only address three of Conard's exceptions.[2] First, he claims that the district court erred in determining that he was a dangerous special offender. And second, Conard challenges his enhanced sentences as being "disproportionate in severity to the maximum term otherwise authorized by law for such felony." 18 U.S.C. Sec. 3575(b). Finally, Conard seeks relief under the eighth amendment.
 
 
 5
 Conard initially challenges the lower court's finding that he was subject to an enhanced sentence due to his being a dangerous special offender. The district court made the following findings concerning Conard's dangerous special offender status:
 
 
 6
 1. Conard was convicted in the state of Ohio in May, 1967 of armed robbery, an offense which carried a penalty of imprisonment in excess of one year.
 
 
 7
 2. Conard was convicted in June 1973, also in the state of Ohio, of armed robbery and of shooting with the intent to kill, both offenses carrying penalties of imprisonment greater than one year. (There were two counts of armed robbery in the 1973 convictions.)
 
 
 8
 3. Conard was convicted in December 1973 in the Western District of North Carolina of kidnapping which also carries a penalty of imprisonment in excess of one year.
 
 
 9
 4. Conard had not been out of confinement for as much as five years on account of his prior offenses.
 
 
 10
 There was other evidence that, at the time of his arrest in this case, Conard had been observed driving a stolen car very slowly on a major highway in front of two high volume restaurants. upon realizing that he was being observed, Conard fled at high speeds attempting to avoid capture. When apprehended, Conard fought violently and the arresting officers eventually had to handcuff him and tie his legs together in subduing him. Immediately prior to his arrest, Conard had in his possession a loaded firearm, ammunition, a pillow case, and a wool cap mask. At the time of his arrest, Conard was an escapee from federal prison on the kidnapping conviction.
 
 
 11
 The district court's findings are well supported by the record and thus are not clearly erroneous. See Fed. R. Civ. P. 52(a). And, in light of these correct and particularized findings, we agree that Conard was a dangerous special offender under 18 U.S.C. Sec. 3575(a) and thus affirm that determination.
 
 
 12
 Conard next challenges the length of his enhanced sentences under 18 U.S.C. Sec. 3575(b). Once it is determined by a court that a defendant is a special offender and dangerous, the court must then impose an enhanced sentence. The statute places two limitations on the district court's sentencing power: first, the court may not impose a sentence in excess of 25 years' imprisonment; and, second, the term of imprisonment may not be disproportionate in severity to the maximum sentence imposed but for the enhancement. 18 U.S.C. Sec. 3575(b). Since the challenged sentences are each 25 years in length, Conard challenges only their alleged disproportionality.
 
 
 13
 If Conard had not been sentenced under the enhancement provisions of 18 U.S.C. Sec. 3575, his maximum punishment for his two convictions would have been as follows: 5 years for his transportation of a stolen motor vehicle, 18 U.S.C. Sec. 2312; and 15 years with no probation or parole for his possession of a firearm as a felon convicted of at least three previous robberies, 18 U.S.C. App. Sec. 1202(a)(5). Thus, our statutory proportionality analysis concerns the district court's enhancement of a 5-year term and a 15-year term, without probation or parole, to two 25-year terms.
 
 
 14
 In United States v, Williamson, 567 F.2d 610 (4th Cir. 1977), we stated three factors for determining whether an enhanced sentence is disproportionate under 18 U.S.C. Sec. 3575(b): the nature of the offense; the legislative purpose behind the punishment; and a comparison of the punishment provided in other jurisdictions. Williamson, 567 F.2d at 616. Applying that analysis here, we are of opinion that Conard's sentence was not statutorily disproportionate.
 
 
 15
 Conard has a marked history of violent crime. He was arrested while an escapee on a kidnapping conviction and was apparently attempting to continue his past practices. In enacting the relevant sentencing statute, Congress sought to protect the public from just this sort of criminal conduct. See 18 U.S.C. Sec. 3575(f); Williamson, 567 F.2d at 616. Finally, as we noted in Williamson, many States' statutes provide for more severe sentences for habitual offenders than does Sec. 3575. Williamson, 567 F.2d at 617. Thus, upon review of the record and the briefs, we are unable to say that the district court's sentences are disproportionate in severity to the maximum term otherwise authorized for the underlying felonies.
 
 
 16
 Finally, Conard argues that the 25-year sentences imposed on him are cruel and unusual punishment in violation of the Eighth Amendment. He seeks to have us conduct a proportionality analysis to so hold. However, Conard's principal argument has recently been foreclosed by a decision of this circuit which held that the Supreme Court's decision in Solem v. Helm, 463 U.S. 277 (1983), does not require extended proportionality review of any sentence less than life imprisonment without possibility of parole. United States v. Rhodes, 779 F.2d 1019, 1028 (4th Cir. 1985), cert. denied, 106 S.Ct. 2916 (1986). Absent such a review, the sentences here are "so obviously within the prerogative of Congress and the district court as to require no comment." Rhodes, at p. 1028.
 
 
 17
 Finding no error, we affirm the district court's judgment in all respects.
 
 AFFIRMED
 
 
 [1]
 It was stipulated by the parties below that Conard is a convicted felon. Moreover, Conard was shown to be an escapee from federal custody on a kidnapping charge at the time of the pertinent offences
 
 
 [2]
 We find no merit to and need not discuss Conard's challenges to the court's evidentiary rulings, jury instructions, and denial of defendant's motion for judgment of acquittal as to the transportation of a stolen motor vehicle charge